# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

SOUTHERN MILLS, INC., d/b/a : 
TenCate Protective Fabrics, :
: 
    Plaintiff, :
:   CIVIL ACTION NO.
v. :   1:10-CV-3340-RWS
:
H. JAMES NUNES, :
:
    Defendant. :

## **ORDER**

This case is before the Court for consideration of Plaintiff's Motion for Joinder [35] and Motion to Consolidate Cases [37].

## **Background**

On March 1, 2010, Southern Mills, Inc. ("SMI") initiated an arbitration proceeding before the American Arbitration Association ("AAA") against Insight Holding Group, LLC ("Insight") seeking rescission of the March 1, 2007 Sales Representative Agreement between SMI and Insight. An arbitration panel was selected by the parties and impaneled by AAA.

On October 15, 2010, SMI filed the present action in the Northern District of Georgia (the "Georgia action") against H. James Nunes ("Nunes") asserting claims for RICO violations, fraud and related claims. Nunes responded to the Complaint by filing a motion to compel arbitration. On June 9, 2011, the Court entered an order granting Nunes' motion and compelling arbitration of the dispute between SMI and Nunes.

SMI then asserted its claims against Nunes in the pending arbitration proceeding, adding the claims against Nunes to those already asserted in arbitration against Insight. The arbitration hearing was conducted February 27 through March 2, 2012 in Atlanta, Georgia. The award rejected all of the claims submitted by the parties to the panel.

On April 13, 2012, Insight filed an application to vacate the arbitration award in the United States District Court for the Eastern District of Virginia. Civil Action No. 1:12-CV-409 (E.D. Va.)(the "Virginia action"). Insight sought to vacate the portion of the arbitration award that denied compensation to Insight on its counterclaims against SMI. On April 17, 2012, SMI filed a motion for arbitration award confirmation in the Georgia action seeking confirmation of the entire arbitration award.

In the Virginia action, SMI filed a motion to stay or, alternatively, for extension of time to respond to application to vacate arbitration award. The motion came before the Virginia court for a hearing. Following the hearing, the court issued an order, *sua sponte*, transferring the Virginia action to the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a).

The Virginia court noted that the "interest of justice" is served by "avoiding 'multiplicity of litigation from a single transaction'" and that "[t]ransfer and consolidation will serve the interest of judicial economy in most cases where the related actions raise similar or related issues of fact and law." May 18, 2012 Order ("May 18 Order") [24] at 4 (internal citations omitted). The court found that the relief sought by Insight in the Virginia action was "essentially the converse of that being pursued by [SMI] in the earlier-filed Georgia action." Id. Also, citing arguments that Nunes made in support of his motion to compel arbitration in the Georgia action that "the claims against him in the Georgia action were not distinct from the claims asserted by [SMI] against Insight in the Georgia arbitration," the Court found that transfer was "warranted under the Supreme Court's reasoning in Continental Grain"Co. v. FBL-585, 364 U.S. 19 at 26(1960). Therefore, the Court deemed it appropriate to transfer the Virginia action to Georgia. The Virginia action was filed in this

3

Court as Insight Holding Group, LLC v. Southern Mills, Inc., d/b/a/ TenCate
Protective Fabrics, Case No. 1:12-CV-1744-RWS (N.D. Ga.) ("Case No.
1744").

## Discussion

SMI moves pursuant to Federal Rule of Civil Procedure 19 to join Insight as a party-defendant to this action. Because SMI seeks entry of final judgment in this case confirming the arbitration award entered in the arbitration between SMI, Insight, and Nunes, SMI asserts that Insight is a "required party" under Rule 19(a)(1). Insight asserts that joinder is not required because the arbitrated claims between SMI and Nunes can be confirmed without adding Insight as a party to this action. However, Insight's position assumes that a single arbitration award can be reviewed in separate cases. Insight's position also ignores the relief sought in SMI's Motion; i.e., confirmation of the entire arbitration award.

After reviewing the authorities cited by the parties, the Court is not convinced that a single arbitration award can be reviewed in two separate cases in two separate courts. Moreover, the Court finds that Insight is a party required to be joined in the action if SMI is to have the ability to obtain the complete relief it seeks. Also, granting SMI the relief it seeks in the absence of

4

Insight may impair or impede the ability of Insight to protect its interests. Therefore, joinder is appropriate pursuant to Federal Rules of Civil Procedure 19(a)(1)(A) and (a)(1)(B)(i).

SMI has also filed a Motion to Consolidate this case with Case No. 1744 and to set a briefing schedule on SMI's Motion to Confirm Arbitration Award [25]. Insight opposes the Motion asserting that there are no issues remaining in the case between SMI and Nunes. Therefore, Insight asserts that nothing is gained by adding Insight to this case. However, because the issue before the Court will be the confirmation of the entire arbitration award, the Court finds that consolidation of the cases is appropriate. Common questions of law and fact will be involved in these cases. Also, by order entered this same date, the Court has denied Insight's Motion to Retransfer Case No. 1744 to the Eastern District of Virginia. Therefore, all of the parties will remain before this Court.

Based on the foregoing, SMI's Motion for Joinder [35] and Motion to Consolidate Cases and to Set Briefing Schedule [37] are hereby **GRANTED**. Insight Holding Group, LLL is hereby **JOINED** as a party-defendant to this action. Also, Case No. 1744 is hereby **CONSOLIDATED** with the present action. The Clerk shall administratively close Case No. 1744. Hereafter, all submissions of the parties will be filed in this case. The parties are **ORDERED**

5

to confer in an effort to agree upon a briefing schedule regarding the Motion for Confirmation and the Application to Vacate. If the parties are unable to agree on a schedule, they should contact the Deputy Clerk to schedule a conference with the Court.

**SO ORDERED**, this  5th  day of October, 2012.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)