# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SOUTHERN MILLS, INC. d/b/a : <br> TENCATE PROTECTIVE : <br> FABRICS, : <br>   : <br> Plaintiff, : <br>   : <br> v. : <br>   : <br> H. JAMES NUNES and INSIGHT : <br> HOLDING GROUP, LLC, : <br>   : <br> Defendants. : | CIVIL ACTION NO. <br> 1:10-CV-3340-RWS |

## **ORDER**

This case is before the Court on Plaintiff's Motion to Confirm Arbitration Award [25]. After reviewing the record, the Court enters the following Order.

## **Background**

On June 9, 2011, the Court entered an Order [21] compelling arbitration of this dispute. An arbitration hearing was held from February 27, 2012 through March 2, 2012 in Atlanta, Georgia at the offices of King & Spalding, LLP. Closing arguments in the matter were held on March 5, 2012. On April 9, 2012, the Arbitral Panel issued a Final Award [25-2], which dismissed all claims by both parties. The Court heard oral arguments on Plaintiff's motion to

confirm the award on March 29, 2013. Plaintiff's motion is now before the Court.

## Discussion

**I.      Legal Standard**

In the Eleventh Circuit, Sections 10 and 11 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 10, 11, "provide the exclusive means by which a federal court may upset an arbitration panel's award." White Springs Agric. Chem., Inc. v. Glawson Inv.s Corp., 660 F.3d 1277, 1280 (11th Cir. 2011) (citing Hall St. Assocs., LLC v. Mattel, Inc., 552 U.S. 576, 586 (2008), and Frazier v. CitiFinancial Corp., LLC, 604 F.3d 1313, 1323-34 (11th Cir. 2010)). "There is a presumption under the FAA that arbitration awards will be confirmed, and federal courts should defer to an arbitrator's decision whenever possible." Frazier, 604 F.3d at 1321.

Section 10(a)(4) of the FAA empowers a court to vacate an arbitration award "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). In determining whether an award should be vacated under § 10(a)(4), "it is only when an arbitrator strays from

2

interpretation and application of the agreement and effectively dispenses his own brand of industrial justice that his decision may be unenforceable." White Springs, 660 F.3d at 1281 (quoting Stolt-Nielsen, S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, ___, 130 S. Ct. 1758, 1767 (2010)). "It is not enough for petitioners to show that the panel committed an error – or even a serious error." Stolt-Nielsen, 130 S. Ct. at 1767.

A court's ability to review an arbitration panel's conclusions is extremely limited. "A panel's incorrect legal conclusion is not grounds for vacating or modifying the award." White Springs, 660 F.3d at 1280; accord Frazier, 604 F.3d at 1323-24. Additionally, the Panel's factual findings are not open to judicial challenge. Westerbeke Corp. v. Daihatsu Motor Co., 304 F.3d 200, 214 (2d Cir. 2002); Wonderland Greyhouse Park, Inc. v. Autotote Sys., Inc., 274 F.3d 34, 36-37 (1st Cir. 2001). With these standards in mind, the Court turns to Plaintiff's motion to confirm the Panel's award.

## II.   Plaintiff's Motion to Confirm Arbitration Award [25]

Plaintiff argues that nothing about the Panel's Final Award warrants vacating it under § 10(a)(4). (See generally Pl.'s Reply, Dkt. [51].) Defendants counter, however, that the Panel exceeded its powers by inserting a term into

3

the parties' contract that directly conflicts with the terms for which the parties bargained. (Def.s' Resp. Br., Dkt. [48] at 10-22.) Specifically, Defendants argue that the Panel invented a "third-party beneficiary" term to support their Final Award, despite explicit language in the contract that there were no third-party beneficiaries ("third party clause") and that the agreement set forth the entire contract between the parties ("merger clause"). Defendants maintain that this exceeds the limited powers given the Panel under the parties' arbitration agreement, which states in pertinent part: "The parties agree that the arbitrators may not change, alter, limit, or overrule any provision of this Agreement and that they shall be bound to adhere to the terms hereof in determining their arbitral award." (See Def.s' Resp. Br., Dkt. [48] at 12.)

As stated above, the Court may not question the Panel's findings of fact or its contract interpretation. Instead, the Court must determine whether the Panel effectively dispensed its own brand of justice. The Court finds that the Panel's Final Award does not rise to that level.

The third party clause under the parties' contract states:

> Nothing herein expressed or implied is intended or
> shall be construed to confer on or to give any person,
> firm, or corporation other than Manufacturer and

4

>> Representative, or either of them, any rights or remedies under or by reason of this Agreement unless specifically set forth herein.

To support their argument that the Panel contradicted this express term of the contract, along with the merger clause, Defendants point to language in the Final Award that reads: "[T]he primary reason for the [agreement] was to provide incentives and royalties that would inure to the benefit of SNC through Nunes in his role as CEO of SNCT and his relationships with SNCT and SNC." (Final Award, Dkt. [25-2] ¶ 4.)  Plaintiff argues that this language does not constitute invention of a new third-party beneficiary term, but rather represents a factual finding by the Panel regarding a basic assumption of the parties at the time of contracting.[1]

The Court agrees with Plaintiff that the Panel did not exceed its power by making up a new contract term that conflicts with the parties' express agreement.  The third party clause in the contract precludes the granting of rights and remedies under the contract to third parties.  The Panel did not attempt to do that here.  Instead, the Panel found that the primary purpose of the

---

[1] The Panel's basic assumption or "primary purpose" finding is relevant to the Panel's application of the commercial frustration doctrine, which it used to excuse Plaintiff from further performance of the contract.

5

contract was to benefit a particular customer of Plaintiff, which in turn benefitted Plaintiff.

Moreover, the Panel concluded that "it was not possible for [Defendants] to specifically prove their damages" as required by Georgia law to recover under an action for breach of contract. (Final Award, Dkt. [25-2] ¶ 5.) This serves as a separate and independent ground for the Panel denying Defendants' claims. This factual determination by the Panel, although challenged by Defendants in their brief, is not open to question by the Court.

## Conclusion

Based on the foregoing, the Court finds that there are not sufficient grounds to vacate the Panel's Final Award. Accordingly, Plaintiff's Motion to Confirm the Arbitration Award [25] is **GRANTED**. The Arbitration Award is hereby **CONFIRMED**, and the Clerk shall enter **JUDGMENT** in favor of Defendants on Plaintiff's claims and if favor of Plaintiff on Defendants' counterclaims. Each party shall bear its own costs and expenses.

**SO ORDERED**, this 29th day of March, 2013.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)